IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:17-CV-292

| | |
|---|---|
| A. COTTEN WRIGHT, in her capacity as the court-appointed Receiver for DCG Real Assets, LLC, DCG Commercial Fund I, LLC, H20, LLC, DCG PMG, LLC, DCG PMF, LLC, Finely Limited, LLC, DCG Funds Underwriting, LLC, DCG ABF Management, LLC, DCG Funds Management, LLC, Davis Capital Group, Inc., Davis Financial, Inc., DCG Partners, LLC, DCG Real Estate Development, LLC, Huntersville Plaza Phase One, LLC, Huntersville Plaza Phase Two, LLC, North Lake Business Park, LLC, and Richard Davis Enterprises, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. WELLMON, DAVID C. COLVIN, JR., KAREN COLVIN, CHRISTOPHER J. TAYLOR, BARRY E. TAYLOR and CT EXPLORATION, LLC,<br><br>Defendants. | **ORDER GRANTING PRELIMINARY INJUNCTION** |

**THIS MATTER** came on for hearing on June 16, 2017 on the Court's *Order* (Doc. No. 5) entered June 5, 2017 on *Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction* (Doc. No. 3) filed on June 2, 2017 by A. Cotten Wright, as the court-appointed receiver for DCG Real Assets, LLC; DCG Commercial Fund I, LLC; H20, LLC; DCG PMG, LLC; DCG PMF, LLC; Finely Limited, LLC; DCG Funds Underwriting, LLC; DCG ABF Management, LLC; DCG Funds Management, LLC; Davis Capital Group, Inc.; Davis Financial, Inc.; DCG Partners, LLC; DCG Real Estate Development, LLC; Huntersville Plaza Phase One, LLC; Huntersville Plaza Phase Two, LLC; North Lake Business Park, LLC; and Richard Davis Enterprises, LLC (each a "Receivership Entity," and, collectively, the "Receivership Entities") and the plaintiff

1

herein (the "Plaintiff" or "Receiver"), through counsel (the "Motion"). The Plaintiff was present at the hearing, appearing in her capacity as attorney for the Receiver.

The *Order* granted the Motion and enjoined the above-captioned defendants (the "Defendants"), Defendants' agents, servants, employees, family members, friends, and any and all persons acting in aid of or conjunction with Defendants, from moving, using, transferring, encumbering, distributing, dissipating, or otherwise disposing of certain gold mining and related equipment in Pershing County, Nevada owned by certain of the Receivership Entities at the time the Receivership Order was entered in the SEC Action (the "Remaining Equipment"). The *Order* further provided that, in determining whether to enter a preliminary injunction, the Court would consider whether the Defendants should surrender possession of the Remaining Equipment pending a final resolution of this action. The Court, having reviewed the Motion and *Order*, having considered the arguments of counsel, and having reviewed the record in this case, finds and concludes as follows:

1. This action is ancillary to the U.S. Securities and Exchange Commission's civil enforcement action current pending before the Court as case number 3:16-CV-285 (the "SEC Action"), in which Plaintiff serves as the duly-appointed Receiver for the Receivership Entities.

2. The Court has entered various orders in the SEC Action appointing Plaintiff as Receiver for the assets of the Receivership Entities (collectively, the "Receivership Order").

3. The verified *Complaint* initiating the above-captioned action and the *Memorandum of Law*, exhibits, and affidavits submitted in support of the Motion indicate that:

   (a) Plaintiff's agents have been trying to locate, and recover possession of, the Remaining Equipment since the Fall of 2016;

   (b) Since entry of the Receivership Order, the Remaining Equipment has been moving around a rural and remote area of Pershing County, Nevada;

(c) Plaintiff's agents located all or nearly all of the Remaining Equipment in November of 2016 upon land known as the "Willow Creek Mine";

(d) Plaintiff's agents traveled to the Willow Creek Mine on May 11, 2017 to recover the Remaining Equipment, but were met by Defendants Christopher J. Taylor and David C. Colvin, Jr., who refused to forfeit possession of the Remaining Equipment;

(e) Defendants have contended to Plaintiff's counsel that they obtained valid and enforceable rights to the Remaining Equipment through a repossession or foreclosure of a security interest;

(f) Plaintiff's counsel has not been provided with and has been unable to locate a UCC-1 financing statement or other document perfecting a security interest in the Remaining Equipment;

(g) The Remaining Equipment includes: (i) a sluicing machine and other components of a gold mining plant purchased from Goldfield International Inc.; (ii) a FiatAllis 20-B Bulldozer purchased from Piper-Valenti a/k/a Valenti Equipment having the serial number 20BC1T007906 or 0070906; (iii) a 2000 New Holland 655E Back Hoe purchased from AG-CON Equipment Company having the serial number 031018792; (iv) a Caterpillar 100KW mounted generator; (v) a Big Tex equipment trailer having the vehicle identification number 16VHX202552771386; (vi) a second equipment trailer having the vehicle identification number 4YMUL0816BN011898 or 5PKUEHZ225W050602; and (vii) a Ford dump truck.

4. In considering motions for preliminary injunctions pursuant to FED. R. CIV. P. 65, courts in the Fourth Circuit consider application of the following factors: (1) a likelihood of success on the merits; (2) that plaintiff is likely to suffer irreparable harm without the issuance of a preliminary injunction; (3) that the balance of the equities are in plaintiff's favor; and (4) that the injunction is in the public interest. *West Virginia Association of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (citing *Winter v. Natural Resource Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).

5. As for the likelihood of success on the merits, the Court has reviewed the document entitled "Secured Income Note" attached as Exhibit A to both the *Complaint* and the *Memorandum of Law* and determined that that agreement is insufficient to establish a security interest in the

3

Remaining Equipment. Further, given Defendants' failure to provide—and the failure of Plaintiff's counsel to independently locate—any documentation evidencing a perfected security interest encumbering the Remaining Equipment, there is a strong likelihood that the facts will ultimately support Plaintiff's conclusions that: (a) any security interest encumbering the Remaining Equipment is subordinate to Plaintiff's rights as an equity receiver; (b) Defendants must turn over possession of the Remaining Equipment to Plaintiff; and (c) Defendants' exercise of dominion and control over the Remaining Equipment without the consent of Plaintiff, or advance Court approval, violates the Receivership Order.

6. Plaintiff and the other investor-creditors of the Receivership Entities would be irreparably injured by Plaintiff continuing to expend a limited set of resources of the receivership estate in chasing after the Remaining Equipment, which assets Defendants should have disclosed and turned over to Plaintiff upon Defendants' notice of the Receivership Order.

7. Based on Plaintiff's allegations and supporting documentation currently available to the Court, a balancing of the equities lies in Plaintiff's favor under these circumstances because even in the event Defendants are ultimately successful on the merits, Plaintiff, as a receiver appointed by this Court, will remit the Remaining Equipment or the value thereof to Defendants without hesitation and with very little injury to Defendants, if any.

8. The entry of the injunction sought by Plaintiff would reinforce the policies underlying the Court's prior entry of the Receivership Order: (a) avoiding races to the courthouse to collect against the insolvent Receivership Entities; and (b) treating similarly-situated constituencies of the insolvent Receivership Entities equally and equitably pursuant to a comprehensive claim and distribution scheme. Accordingly, the public interest would be served by the entry of a temporary restraining order.

**IT IS, THEREFORE, ORDERED** that:

(a)     the Motion is GRANTED;

(b)     Defendants and Defendants' agents, servants, employees, family members, friends, and any and all persons acting in aid of or conjunction with Defendants are hereby enjoined from moving, using, transferring, encumbering, distributing, dissipating, or otherwise disposing of the Remaining Equipment without the express consent of Plaintiff;

(c)     Defendants and Defendants' agents, servants, employees, family members, friends, and any and all persons acting in aid of or conjunction with Defendants are hereby directed to immediately surrender possession of the Remaining Equipment to Plaintiff; and

(d)     Copies of this Order shall be served on Defendants and Defendants' counsel at the addresses, including any email addresses, reasonably available to Plaintiff.

**SO ORDERED.**

Signed: June 16, 2017

*[signature]*

Graham C. Mullen
United States District Judge